```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PETER SHUE,

                Plaintiff,

    -against-                              ORDER
                                           10-CV-2501 (JS)(WDW)
UNITED STATES OF AMERICA,
MARK WASSERMAN, JOHN MCKENNA,
ROBERT C. HEIMAN,¹ STEPHEN KING,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Peter Shue, Pro Se
                   # 45390053
                   Low Security Correctional Institution
                   Allenwood
                   P.O. Box 1000
                   White Deer, PA 17887

For Defendants:    No Appearances
```

SEYBERT, District Judge:

Incarcerated pro se plaintiff Peter Shue ("Plaintiff") has filed a Complaint against defendants United States of America, Assistant Attorneys Mark Wasserman and Stephen King, Agent John McKenna and Clerk of Court Robert C. Heinemann purporting to allege violation of his Constitutional rights protected by 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. For the reasons discussed below, the Plaintiff's federal claims are DISMISSED WITH PREJUDICE and state law claims are DISMISSED WITHOUT PREJUDICE.

---

¹ Plaintiff has misspelled the name of the Clerk of the Court, Robert C. Heinemann. The Clerk of the Court is directed to so amend the caption to reflect the proper spelling of this Defendant's name.

BACKGROUND

According to the Complaint, Plaintiff was arrested on March 21, 1995 by federal agents concerning the sale of cocaine. Plaintiff was indicted on April 5, 1995 and Plaintiff was "superceded on October 12, 1995 and February 28, 1996." (Compl. at ¶ 2). The Complaint states that Defendants Wasserman, King and Heinemann "gave false information to the Court", they "conspired to submit fraudulent superceded indictments to the Court" and "the Grand Jury never issued said indictments required by the law." (Compl. at ¶ 7). Plaintiff alleges that Defendants Wasserman and King knew that Defendant McKenna "was a prior target of criminal conduct . . . [and was] disbanded from the Courts, and refus[ed] to allow the Plaintiff to inquire into the character and prior conduct of Defendant Agent John McKenna." (Compl. at ¶¶ 8, 13).

Based on the foregoing, Plaintiff claims that his Sixth Amendment right to the effective assistance of counsel, his Fifth Amendment guarantee of Due Process and the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment were violated by the Defendants. (Compl. at ¶¶ 21-23). Although difficult to discern, Plaintiff also appears to claim that the Defendants violated the RICO statute, 18 U.S.C. §§ 1962, 1964, and conspired to violate Plaintiff's civil rights under 42 U.S.C. §§ 1985, 1986 and 1988. Finally, Plaintiff purports to allege state law tort claims of intentional and negligent infliction of

2

emotional distress.

Plaintiff seeks "one hundred billion" dollars in damages to compensate him for the alleged "emotional damage and emotional distress intentionally . . . and negligently inflicted by Defendants on the Plaintiff." (Compl. at page 10 and ¶ 19).

DISCUSSION

I. In Forma Pauperis Application

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the

Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

Section 1983 provides that:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000).

To state a claim under Section 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person acting under state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States. Rae v. County of Suffolk, No. 07-CV-2138

4

(RRM)(ARL), at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In addition, Section 1983 claims are governed by a three-year statute of limitations. See Owens v. Okure, 488 U.S. 235, 249-250, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). A Section 1983 claim accrues when the plaintiff knows or has reason to know of the harm. Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009).

Here, as a threshold matter, Plaintiff's Section 1983 claim is time-barred. As made clear by the Complaint, Plaintiff's Section 1983 claim arises from conduct alleged to have occurred before and during his 1996 criminal trial. Given that there are no allegations that any of the alleged wrongful conduct continued after Plaintiff's conviction on April 23, 1996, Plaintiff's Section 1983 claim is untimely asserted.

Moreover, even assuming Plaintiff's Section 1983 claim was timely, it is subject to dismissal for the additional reason that such claim is nothing more than an attempt to run around the habeas statute and thus improperly seeks habeas relief. In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a § 1983 action seeking money damages

is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . ." Id. at 487 (internal citation omitted). Moreover, the Heck court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Here, Plaintiff purports to assert a § 1983 civil rights claim by alleging violations to his Fifth, Sixth and Eighth Amendment rights. However, each of alleged violations arises exclusively from events that occurred at Plaintiff's criminal trial. Plaintiff has already been convicted and sentenced by this Court and that decision has been affirmed on appeal. See U.S. v. Shue, 201 F.3d 433 (2d Cir. 1999), cert. denied, 529 U.S. 1010, 120 S. Ct. 1283, 146 L. Ed. 2d 230 (2000). Plaintiff has also already unsuccessfully sought habeas relief. See Shue v. U.S., 01-CV-0082 (JS)(MLO), Order, denying Plaintiff's habeas petition, dated April 18, 2003, Seybert, D.J. As is readily apparent, the instant civil action is merely another attempt by Plaintiff to challenge his

6

conviction rather than a true Section 1983 civil rights action. Accordingly, because Plaintiff has exhausted his remedies with regard to his criminal conviction, Plaintiff's Section 1983 claim is DISMISSED WITH PREJUDICE.

IV. <u>Federal Statutory Claims</u>

    A. <u>RICO Claim</u>

The Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it a crime to conduct "an enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). "18 U.S.C. § 1964(c) provides a private right of action for '[a]ny person injured in his business or property by reason of a violation of Section 1962.'" <u>Goldfine v. Schienzia</u>, 118 F. Supp. 2d 392, 399 (S.D.N.Y. 2000), quoting 18 U.S.C. § 1964(c). The statute of limitations for a civil RICO claim under 18 U.S.C. § 1964(c) is four years. <u>Frankel v. Cole</u>, 313 Fed. Appx. 418, 419 (2d Cir. 2009) (citing <u>Agency Holding Corp. v. Malley-Duff & Assocs.</u>, 483 U.S. 143, 156, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987)). The statute of limitations "'begins to run when the plaintiff discovers or should have discovered the RICO injury.'" <u>Frankel</u>, 313 Fed. Appx. at 419 (quoting <u>In re Merrill Lynch, Ltd. P'Ships Litig.</u>, 154 F.3d 56, 58 (2d Cir. 1998) (<u>per curiam</u>)). Here, given that Plaintiff was convicted on April 23, 1996, Plaintiff's alleged RICO injury occurred well outside the four-year statutory period and his RICO claim is thus time-barred. Moreover, Plaintiff's claim is not

7

plausible because wholly absent from the Complaint are any factual allegations that any of the Defendants received money from racketeering activities, had an interest in an enterprise engaged in racketeering, or conspired to violate Section 1962. In the absence of any such allegations, together with the unexplained fourteen year delay in bringing such claim, Plaintiff's RICO claim is not plausible and is DISMISSED WITH PREJUDICE.

    B.    <u>42 U.S.C. §§ 1985 and 1986</u>

Plaintiff also includes references to these statutes in his Complaint. To the extent that Plaintiff seeks to assert claims pursuant to these statutes, such claims are DISMISSED WITH PREJUDICE because they too are time-barred and fail to state a claim upon which relief may be granted.

Section 1985 claims are governed by a three-year statute of limitations, <u>Ormiston v. Nelson</u>, 117 F.3d 69, 71 (2d Cir. 1997), and the claim accrues at the time the Plaintiff became aware of the discriminatory decisions made by the alleged conspiracy. <u>Farbstein v. Hicksville Public Library</u>, 323 F. Supp. 2d 414, 420 (E.D.N.Y. 2004) (holding that a Section 1985 cause of action accrues when the plaintiff learns of the injury from each overt act upon which the claim is based and finding that the plaintiff's Section 1985 claim was time-barred to the extent it was based upon acts in furtherance of the conspiracy which were themselves time-barred). Unlike Sections 1983 and 1985, which borrow their statute of limitations

8

from the limitations period applicable to analogous state law claims, Section 1986 expressly provides for a one-year limitation period from when the cause of action has accrued. 42 U.S.C. § 1986; Paige v. Police Dep't, 264 F. 3d 197, 199 n. 2 (2d Cir. 2001); Powers v. Karen, 768 F. Supp. 46, 50 (E.D.N.Y. 1991) (§ 1986 claim accrued when action of which plaintiff complained of occurred).

As is readily apparent from the Complaint, the actions of which Plaintiff complains occurred most recently on April 23, 1996, when Plaintiff was convicted of the criminal charges against him. Accordingly, Plaintiff's Section 1985 and 1986 claims are well beyond their respective statutes of limitation and are thus time-barred.

    C.    Section 1988

Plaintiff also lists 42 U.S.C. § 1988 as a basis for his claims. Section 1988 provides no independent cause of action and is inapplicable to this action. Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil right cases in conformity with federal law where appropriate, or with state law. 42 U.S.C. § 1988(a). Sections (b) and (c), respectively, provide for a prevailing party to seek reasonable attorney fees in certain cases and for reimbursement of any fees paid to an expert as part of the attorney fees. 42 U.S.C. § 1988(b) & (c); Moor v. Alameda County, 411 U.S. 693, 705, 93 S. Ct.

1785, 36 L. Ed. 2d 596 (1973) ("[Section 1988] was obviously intended to do nothing more than to explain the source of law to be applied in actions brought to enforce the substantive provisions of the [the 1966 Civil Rights Act]."). Although the basis for Plaintiff's Section 1988 claim is far from clear, insofar as he intends to seek "a reasonable attorney's fee as part of the costs" of his action pursuant to § 1988(b), or "expert fees as part of the attorney's fee" "under subsection (b) of this section" pursuant to § 1988(c), these claims must fail, for "a pro se litigant who is not a lawyer is not entitled to attorney's fees" under § 1988. Kay v. Ehrler, 499 U.S. 432, 435, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991).

V. State Law Claims

Under 28 U.S.C. § 1367(c)(3) a district court, in its discretion, may "decline to exercise supplemental jurisdiction over state law claims if it has dismissed all federal claims." Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 103 (2d Cir. 1998). In addition to his federal claims, Plaintiff alleges state law tort claims of intention and negligent infliction of emotional distress against the Defendants. Because Plaintiff's federal law claims have been dismissed, the Court declines to exercise jurisdiction in regard to Plaintiff's state law claims. Therefore, Plaintiff's state law claims of intentional and negligent infliction of emotional distress are DISMISSED without prejudice

10

and Plaintiff may pursue any such claims that are not time-barred in state court.

VI. <u>Leave to Amend</u>

The Second Circuit asserts that "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner that would survive dismissal, opportunity to replead is rightfully denied." <u>Hayden v. County of Nassau</u>, 180 F.3d 42, 53-54 (2d Cir. 1999); <u>see</u> <u>also</u> <u>Dipetto v. U.S. Postal Service</u>, 2009 WL 1106934 (E.D.N.Y. April 21, 2009) ("Where granting leave to amend would be unproductive or futile, however, denial of leave to amend is not improper.") (citing <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d 129, 131 (2d Cir. 1993)).

For the reasons stated above, Plaintiff's Complaint is comprised of allegations describing conduct that is alleged to have occurred over fourteen years ago and that has already been well-scrutinized by this Court and the Second Circuit in reviewing Plaintiff's appeal of his criminal conviction and his previous § 2255 habeas petition. Given that this Complaint seeks nothing more than <u>habeas</u> relief and because Plaintiff has already exhausted his remedies under 28 U.S.C. § 2255, leave to file an Amended Complaint is DENIED.

CONCLUSION

Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED; and it is further

ORDERED that the Clerk of the Court send a copy of this Order to the Plaintiff by regular first class mail and by certified mail, return receipt requested; and it is further

ORDERED that the Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's statement in his <u>in forma pauperis</u> application; and it is further

ORDERED that the Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances; and it is further

ORDERED that Plaintiff's federal claims alleged against the Defendants are DISMISSED with prejudice and Plaintiff's state law claims are DISMISSED without prejudice. The Clerk of the Court is directed to close this case.

> SO ORDERED.
>
> <u>/s/ JOANNA SEYBERT</u>
> Joanna Seybert, U.S.D.J.

Dated: September __3__, 2010
       Central Islip, New York